E-FILED
Monday, 12 August, 2019  10:07:23 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTIRCT OF ILLINOIS
SPRINFGIELD DIVISION

CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees; and

CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees; and

CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS, By and Through Its Board of Trustees,

      Plaintiffs,

v.

MORENO AND SONS, INC.,

      Defendant.

Cause No.  19-3192

## COMPLAINT

COME NOW Plaintiffs, Central Illinois Carpenters Health and Welfare Fund, By and Through Its Board of Trustees; Carpenters Pension Fund of Illinois, By and Through Its Board of Trustees; Carpenters Retirement Savings Fund of Illinois, By and Through Its Board of Trustees by undersigned Counsel, and state as follows for their Complaint against Defendant, Moreno and Sons, Inc.:

### Parties

1.      Plaintiff Central Illinois Carpenters Health and Welfare Fund (hereinafter "Welfare Fund") is an employee welfare benefit plan and an employee benefit plan, or plan within the meaning of Sections 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

2.      Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A).  Welfare Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3.      Welfare Fund is the designated collection agent for contributions to certain unions, dues, dues check-off and other collectively-bargained funds within the territorial jurisdiction of the Chicago Regional Council of Carpenters, Southern Region (formerly, "Mid-Central Illinois Regional Council of Carpenters") ("Regional Council").

4.      Welfare Fund is administered and receives and processes contributions in Logan County, Illinois.

5.      Plaintiff Carpenters Pension Fund of Illinois (hereinafter "Pension Fund") is an "employee pension benefit plan," a pension plan and a plan within the meaning of section 3(2)(A) and 3 of ERISA, 29 U.S.C. § 1002(2)(A), (3).  Pension Fund is a "defined benefit plan" within the meaning of § 3(35) of ERISA, 29 U.S.C. § 1002(35).

6.      Pension Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A).  Pension Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

7.      Plaintiff Carpenters Retirement Savings Fund of Illinois (hereinafter "Retirement Savings Fund") is an "employee pension benefit plan," a pension plan and a plan within the meaning of section 3(2)(A) and 3 of ERISA, 29 U.S.C. § 1002(2)(A), (3).  Retirement Savings Fund is a "defined contribution plan" within the meaning of § 3(34) of ERISA, 29 U.S.C. § 1002(34).

8.     Retirement Savings Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A). Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

9.     Pension Fund and Retirement Savings Fund are administered and receive and process contributions in Downers Grove, Kane County, Illinois.

10.    Together, Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

11.    Defendant Moreno and Sons, Inc. ("Defendant," or "Moreno and Sons") is and/or was an Illinois general business corporation

12.    At all relevant times, Moreno and Sons maintained its principal place of business in and around Will County, Illinois and/or Kendall County, Illinois.

13.    Moreno and Sons is, was and at all relevant times has been, an "employer" in an "industry affecting commerce" within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and is an "employer" in an industry "affecting commerce" within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

14.    This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

15.    This Court has personal jurisdiction over Moreno and Sons pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

3

16.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

**Facts Common To All Counts**

17.     Plaintiff Funds restate and reincorporate paragraphs 1 through 16 of their Complaint as if fully set forth herein.

18.     Moreno and Sons is and/or was and at relevant times to Plaintiff Funds' Complaint has been party to, or otherwise bound to and/or required to comply with the *Collective Bargaining Agreement Between Central Illinois Builders of AGC Greater Peoria Contractors and Suppliers Association Inc and Chicago Regional Council of Carpenters Commonly Known as Chicago Regional Council of Carpenters Southern Region Master Agreement* ("Agreement"). *See*, **Exhibit A**.

19.     Moreno and Sons employs and/or employed and at times relevant to Plaintiff Funds' Complaint has employed individuals pursuant to said Agreement, **Exhibit A**, to perform on-site construction work within the territorial jurisdiction of the Regional Council and falling within the craft jurisdiction of the United Brotherhood of Carpenters and Joiners of America ("UBCJA").

20.     As a consequence of employing these individuals, Moreno and Sons is and/or was contractually required to report and pay annuity, pension and/or health and welfare contributions, as well as dues, dues check-off and other contractually-required contributions, at the hourly rates and in the amounts negotiated by Regional Council and set forth in the Agreement, **Exhibit A**, and its predecessor agreement(s).

4

21.     Moreno and Sons reported and paid contributions to Pension Fund and Retirement Savings Fund related to work performed in the territorial jurisdiction of Plaintiff Funds as recently as 2017.  *See*, **Exhibit B**.

22.     Moreno and Sons voluntarily reported and paid contributions to Pension Fund and Retirement Savings Fund on behalf of two (2) members of Carpenters Local 270, one of the local unions within the Chicago Regional Council of Carpenters, Southern Region, in and around the area of Sangamon County, Illinois, for the month of July 2017.  *See*, **Exhibit B**, pp. 2, 5, 7.

23.     The "Monthly Report of Payments" forms submitted to Plaintiffs Pension Fund and Retirement Savings Fund, **Exhibit B**, bears the following statement:

> BY COMPLETING AND SUBMITTING THIS REPORT, THE EMPLOYER NAMED HEREON CERTIFIES (A) THAT THE EMPLOYER IS A SIGNATORY TO THE CURRENT WRITTEN COLLECTIVE BARGAINING AGREEMENT WITH THE REGIONAL COUNCIL OR LOCAL UNION COVERING THE GEOGRAPHIC AREA AND TYPE OF WORK PERFORMED BY THE EMPLOYEES LISTED HEREON THAT REQUIRES CONTRIBUTIONS TO THE FUND FOR WHICH PAYMENT IS MADE HEREWITH, OR THAT IF THE EMPLOYER IS NOT A SIGNATORY TO SUCH CURRENT WRITTEN COLLECTIVE BARGAINING AGREEMENT, THE EMPLOYER HEREBY BECOMES SIGNATORY TO SUCH AGREEMENT AND FURTHER AGREES TO BE BOUND BY AND OBSERVE THE TERMS AND PROVISIONS OF SUCH CURRENT WRITTEN COLLECTIVE BARGAINING AGREEMENT, INCLUDING AMENDMENTS THERETO; (B) THAT THE CONTRIBUTIONS REPORTED HEREIN ARE PAID IN ACCORDANCE WITH SUCH CURRENT WRITTEN COLLECTIVE BARGAINING AGREEMENT; (C) THAT ALL OF THE EMPLOYEES LISTED HEREON ARE EMPLOYEES COVERED BY SUCH CURRENT WRITTEN COLLECTIVE BARGAINING AGREEMENT; (D) THAT THE EMPLOYER AGREES TO BE BOUND BY EACH TRUST AGREEMENT, INCLUDING AMENDMENTS THERETO, ESTABLISHING THE FUNDS FOR WHICH PAYMENT IS MADE HEREWITH; AND (E) THAT THE INFORMATION REPORTED HEREON IS TRUE AND CORRECT.

*See*, e.g., **Exhibit B**, pp. 2, 5 and 7 (emphasis original).

24.    Further, Moreno and Sons' acts of employing members of Local 270 and voluntarily reporting and paying contributions to Pension Fund and Retirement Savings Fund at contractually specified hourly rates on behalf of those individuals, signify Moreno and Sons' intention to be bound by the fringe benefit reporting and payment requirements of **Exhibit A**.

25.    The contributions reported and paid to Pension Fund and Retirement Savings Fund were reported and paid pursuant to a written agreement, **Exhibit A**, as required by applicable law, specifically § 302(c)(5) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 186(c)(5).

26.    Pursuant to Article XXI of the CBA, **Exhibit A**, Moreno and Sons:

> …agrees that Pension Fund/Health and Welfare Fund/Retirement Savings Fund/Substance Abuse Fund contributions under this Agreement are to be made payable to the Central Illinois Carpenters Health and Welfare Fund/Retirement Savings Fund/Substances Abuse Fund and the Independent Employee Benefit Corporation Pension.  Contributions will be at the hourly rates approved as directed by the Chicago Regional Council of Carpenters or Local affiliate's Wage Addendums and such contributions are made on behalf of all employees covered by this agreement for all hours worked by such employees.

*See*, CBA, **Exhibit A**, § 21.1.

27.    Pursuant to Article XXI of the CBA, **Exhibit A**, Moreno and Sons:

> …agrees to be bound by the terms and conditions of the Trust Agreements establishing the various above-mentioned Funds, as they now exist and as they may hereafter be amended, as if the terms of such Agreements were fully set forth herein.  The Employer understands and acknowledges that the Trustees of those Funds have the right to make reasonable rules relating to the administration of the Funds, including rules pertaining to the payment of fringe benefit contributions as specified in this Agreement, and pertaining to their rights and remedies as against Employers who are delinquent in making payment of such contributions to the Funds.  The Employer agrees to be bound by such rules as currently exist or may

> from time to time be established or amended. Copies of such rules can be obtained by the Employer by request from the various Fund(s) Administrator.

*See*, CBA, **Exhibit A**, § 21.1.

28.    Moreno and Sons is contractually required to pay contributions to Plaintiff Funds as provided in ERISA § 515, 29 U.S.C. § 1145.

29.    The Pension Fund's and Retirement Savings Fund's Trustees have adopted policies concerning the imposition of interest and/or Liquidated Damages in the event an employer does not timely report and pay required contributions, to which Moreno and Sons has agreed to be bound. *See*, "Collection Policy & Administrative Procedures," attached hereto as **Exhibit D** and incorporated herein by reference.

30.    Pursuant to the Collection Policy & Administrative Procedures, **Exhibit D**, delinquent contributions are subject to Liquidated Damages as provided therein. *See*, **Exhibit D**, pp. 2.

31.    Pursuant to the Collection Policy & Administrative Procedures, **Exhibit D**, delinquent contributions are subject to interest as provided therein. *See*, **Exhibit D**, pp. 2.

32.    Pursuant to the Collection Policy & Administrative Procedures, **Exhibit D**, in the event legal counsel becomes involved in the collection process, additional Liquidated Damages of 10% are imposed. *See*, **Exhibit D**, pp.2-3.

33.    The CBA, **Exhibit A**, provides, "If payment is not received in the Fund Office on or before the day of the month due, such payment is subject to… collection costs." *See*, CBA, **Exhibit A**, § 25.2.

34.     ERISA further provides for an award to Pension Fund and Retirement Savings Fund of delinquent contributions, interest, Liquidated Damages and fees and costs, including attorneys' fees and costs and audit costs.

## COUNT I

## (TO COMPEL AN AUDIT)

## (CARPENTERS PENSION FUND AND RETIREMENT SAVINGS FUND OF ILLINOIS)

COME NOW Plaintiffs Carpenters Pension and Retirement Savings Fund of Illinois, by undersigned Counsel, and state as follows for Count I of their Complaint against Moreno and Sons, Inc.:

35.     Pension Fund and Retirement Savings Fund restate and reincorporated paragraphs 1 through 34 of their Complaint as if fully set forth herein.

36.     During 2019, Pension Fund and Retirement Savings Fund sought to audit Moreno and Sons in order to determine the company's compliance with its fringe benefit, dues and other contribution reporting and payment obligations.

37.     Audits are specifically authorized by § 21.4 of the CBA, **Exhibit A**.

38.     Audits are also "other legal or equitable relief" within the meaning of ERISA § 502(a)(3) and (g)(2)(E), 29 U.S.C. § 1132(a)(3), (g)(2)(E).

39.     Moreno and Sons failed and refused to comply with the audit request.

40.     Moreno and Sons' refusal to submit to an audit is a violation of the CBA, the Trusts establishing the Pension Fund and Retirement Savings Fund, the "Collection Policy & Administrative Procedures," and ERISA.

41.     Inasmuch as Moreno and Sons has failed and refused to cooperate with an audit, Pension Fund and Retirement Savings Fund have no adequate remedy at law, and are suffering

8

and will continue to suffer immediate and irreconcilable injury and damage, unless Moreno and Sons is ordered to submit to an audit.

42.     Pension Fund and Retirement Savings Fund are entitled to an Order that Moreno and Sons submit to an audit.

43.     Pension Fund and Retirement Savings Fund are entitled to an award of the contributions determined to be due by audit.

44.     Pension Fund and Retirement Savings Fund are entitled to Liquidated Damages on all contributions determined to be due by audit.

45.     Pursuant to ERISA the CBA, the Trusts establishing Pension Fund and Retirement Savings Fund and the policies adopted by the Trustees and to which Moreno and Sons agreed to be bound, Plaintiff Funds are entitled to pre- and post-judgment interest on all contributions determined to be due by audit.

46.     Pursuant to ERISA the CBA, the Trusts establishing Pension Fund and Retirement Savings Fund and the policies adopted by the Trustees and to which Moreno and Sons agreed to be bound, Plaintiff Funds are entitled to costs of the audit.

47.     Pursuant to ERISA the CBA, the Trusts establishing Pension Fund and Retirement Savings Fund and the policies adopted by the Trustees and to which Moreno and Sons agreed to be bound, Plaintiff Funds are entitled to their attorneys' fees and costs.

48.     As a result of the acts and omissions complained of herein, Pension Fund and Retirement Savings Fund have been harmed.

WHEREFORE, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois respectfully pray that the Court:

9

a.   Enter Judgment for Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois and against Defendant Moreno and Sons, Inc.;

b.   Enter Orders for temporary, preliminary and permanent injunctive relief that Moreno and Sons submit to an audit, at Moreno and Sons' cost;

c.   Enter an Order awarding Pension Fund and Retirement Savings Fund any and all contributions determined to be due by audit;

d.   Enter an Order awarding Pension Fund and Retirement Savings Fund Liquidated Damages;

e.   Enter an Order awarding Pension Fund and Retirement Savings Fund appropriate pre-judgment interest;

f.   Enter an Order awarding Pension Fund and Retirement Savings Fund the costs of the audit;

g.   Enter an Order awarding Pension Fund and Retirement Savings Fund their attorneys' fees and costs;

h.   Enter an Order awarding Pension Fund and Retirement Savings Fund appropriate post-judgment interest;

i.   Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## (TO COMPEL AN AUDIT)

## (CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND)

COME NOW Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant Moreno and Sons, Inc.:

49.     Central Illinois Carpenters Health & Welfare Trust Fund restate and reincorporated paragraphs 1 through 34 and 35 through 48 of Count I of their Complaint as if fully set forth herein.

50.     Moreno and Sons reported and paid contributions to Welfare Fund related to work performed in the territorial jurisdiction of Plaintiff Funds as recently as 2017. *See*, **Exhibit C**.

51.     Moreno and Sons voluntarily reported and paid contributions to Welfare Fund on behalf of two (2) members of Carpenters Local 270, one of the local unions within the Chicago Regional Council of Carpenters, Southern Region, in and around the area of Sangamon County, Illinois, for the month of July 2017. *See*, **Exhibit C**, pp. 1, 2, 4, 5.

52.     Further, Moreno and Sons' acts of employing members of Local 270 and voluntarily reporting and paying contributions to Welfare Fund at contractually specified hourly rates on behalf of those individuals, signify Moreno and Sons' intention to be bound by the fringe benefit reporting and payment requirements of **Exhibit A**.

53.     The contributions reported and paid to Welfare Fund were reported and paid pursuant to a written agreement, **Exhibit A**, as required by applicable law, specifically § 302(c)(5) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 186(c)(5).

54.     Moreno and Sons further voluntarily made a "catch-up" payment to Welfare Fund on behalf of one of the Local 270 members for July 2017. *See*, **Exhibit C**, p. 3.

11

55.     Pursuant to Article XXI of the CBA, **Exhibit A**, Moreno and Sons:

> ...agrees that Pension Fund/Health and Welfare Fund/Retirement Savings Fund/Substance Abuse Fund contributions under this Agreement are to be made payable to the Central Illinois Carpenters Health and Welfare Fund/Retirement Savings Fund/Substances Abuse Fund and the Independent Employee Benefit Corporation Pension.  Contributions will be at the hourly rates approved as directed by the Chicago Regional Council of Carpenters or Local affiliate's Wage Addendums and such contributions are made on behalf of all employees covered by this agreement for all hours worked by such employees.

*See*, CBA, **Exhibit A**, § 21.1.

56.     Pursuant to Article XXI of the CBA, **Exhibit A**, Moreno and Sons:

> ...agrees to be bound by the terms and conditions of the Trust Agreements establishing the various above-mentioned Funds, as they now exist and as they may hereafter be amended, as if the terms of such Agreements were fully set forth herein.  The Employer understands and acknowledges that the Trustees of those Funds have the right to make reasonable rules relating to the administration of the Funds, including rules pertaining to the payment of fringe benefit contributions as specified in this Agreement, and pertaining to their rights and remedies as against Employers who are delinquent in making payment of such contributions to the Funds.  The Employer agrees to be bound by such rules as currently exist or may from time to time be established or amended.  Copies of such rules can be obtained by the Employer by request from the various Fund(s) Administrator.

*See*, CBA, **Exhibit A**, § 21.1.

57.     Moreno and Sons is contractually required to pay contributions to Plaintiff Funds as provided in ERISA § 515, 29 U.S.C. § 1145.

58.     Welfare Fund's Trustees have adopted policies concerning the imposition of interest and/or Liquidated Damages in the event an employer does not timely report and pay required contributions, to which Moreno and Sons has agreed to be bound.  *See*, "Delinquency Manual," attached hereto as **Exhibit E** and incorporated herein by reference.

59. Pursuant to the Delinquency Manual, **Exhibit E**, delinquent contributions are subject to interest as provided therein. *See*, **Exhibit E**, p. 4.

60. Pursuant to the Delinquency Manual, **Exhibit E**, delinquent contributions are subject to Liquidated Damages as provided therein. *See*, **Exhibit E**, p. 5.

61. The CBA, **Exhibit A**, provides, "If payment is not received in the Fund Office on or before the day of the month due, such payment is subject to… collection costs." *See*, CBA, **Exhibit A**, § 25.2.

62. ERISA further provides for an award to Welfare Fund of delinquent contributions, interest, Liquidated Damages and fees and costs, including attorneys' fees and costs and audit costs.

63. During 2019, Welfare Fund sought to audit Moreno and Sons in order to determine the company's compliance with its fringe benefit, dues and other contribution reporting and payment obligations.

64. Audits are specifically authorized by § 21.4 of the CBA, **Exhibit A**.

65. Audits are also "other legal or equitable relief" within the meaning of ERISA § 502(a)(3) and (g)(2)(E), 29 U.S.C. § 1132(a)(3), (g)(2)(E).

66. Moreno and Sons failed and refused to comply with the audit request.

67. Moreno and Sons' refusal to submit to an audit is a violation of the CBA, the Trust establishing Welfare Fund, the "Delinquency Manual" and ERISA.

68. Inasmuch as Moreno and Sons has failed and refused to cooperate with an audit, Welfare Fund has no adequate remedy at law, and is suffering and will continue to suffer immediate and irreconcilable injury and damage, unless Moreno and Sons is ordered to submit to an audit.

69.     Welfare Fund is entitled to an Order that Moreno and Sons submit to an audit.

70.     Welfare Fund is entitled to an award of the contributions determined to be due by audit.

71.     Welfare Fund is entitled to Liquidated Damages on all contributions determined to be due by audit.

72.     Pursuant to ERISA the CBA, the Trust establishing Welfare Fund and the policies adopted by the Trustees and to which Moreno and Sons agreed to be bound, Plaintiff Funds are entitled to pre- and post-judgment interest on all contributions determined to be due by audit.

73.     Pursuant to ERISA the CBA, the Trust establishing Welfare Fund and the policies adopted by the Trustees and to which Moreno and Sons agreed to be bound, Welfare Fund is entitled to costs of the audit.

74.     Pursuant to ERISA the CBA, the Trust establishing Welfare Fund and the policies adopted by the Trustees and to which Moreno and Sons agreed to be bound, Welfare Fund is entitled to their attorneys' fees and costs.

75.     As a result of the acts and omissions complained of herein, Welfare Fund has been harmed.

WHEREFORE, Welfare Fund respectfully prays that the Court:

a.      Enter Judgment for Central Illinois Carpenters Health & Welfare Trust Fund and against Defendant Moreno and Sons, Inc.;

b.      Enter Orders for temporary, preliminary and permanent injunctive relief that Moreno and Sons submit to an audit, at Moreno and Sons' cost;

c.      Enter an Order awarding Welfare Fund any and all contributions determined to be due by audit;

14

d.      Enter an Order awarding Welfare Fund Liquidated Damages;

e.      Enter an Order awarding Welfare Fund appropriate pre-judgment interest;

f.      Enter an Order awarding Welfare Fund the costs of the audit;

g.      Enter an Order awarding Welfare Fund its attorneys' fees and costs;

h.      Enter an Order awarding Welfare Fund appropriate post-judgment interest;

i.      Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 – Telephone
(618) 692-5254 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs